UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JASON MILLER, on his own
behalf and all similarly situated individuals,

    Plaintiff,

v.                                CASE NO.:

GARIBALDI'S, INC., a
Georgia for-profit corporation, and
THE OLDE PINK HOUSE, INC., a
Georgia for-profit corporation,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, JASON MILLER ("Plaintiff"), on behalf of himself and other tipped server employees and former tipped server employees similarly situated, by and through undersigned counsel, file this Collective Action Complaint against Defendants, GARIBALDI'S, INC. ("Garibaldi's"), and THE OLDE PINK HOUSE, INC. ("TOPH")(collectively "Defendants") and states as follows:

**NATURE OF THE ACTION**

1.    Plaintiff alleges on behalf of himself and other similarly situated current and former non-exempt tipped employees of the Defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid minimum wages from Defendants for work for which they did not receive proper minimum wages, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; and (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION and VENUE

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs, and to obtain declaratory relief.

3. Through their restaurant operations located in Savannah, Georgia, Defendants transact business in, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within, the Savannah Division of the Southern District of Georgia. Thus, Defendants are subject to the jurisdiction of this Court and venue of this action is proper within this judicial district and division.

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Savannah, Georgia.

6. At times material hereto (2012-2013), Plaintiff was a tipped employee and performed related waiter/server duties for Garibaldi's in its restaurant "Garibaldi Café," located in Savannah, Georgia. Filed as an exhibit to this Complaint is Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b).

7. Similarly, at various time throughout 2010-2014, several opt-in plaintiffs who Plaintiff expects will file consents to join this case, were tipped employees and performed related waiter/server duties for TOPH in its restaurant "The Olde Pink House" located in Savannah, Georgia.

8. At all times material hereto Garibaldi's, was, and continues to be a Georgia for-profit corporation.

9. At all times material hereto, Garibaldi's was, and continues to be, engaged in business in Georgia, with business operations in Savannah, Georgia.

10. At all times material hereto, Garibadli's operated and continues to operate a restaurant in Savannah, Georgia known as Garibaldi Café.

11. At all times material hereto TOPH, was, and continues to be a Georgia for-profit corporation.

12. At all times material hereto, TOPH was, and continues to be, engaged in business in Georgia, with business operations in Savannah, Georgia.

13. At all times material hereto, TOPH operated and continues to operate a restaurant in Savannah, Georgia known as The Olde Pink House.

14. Defendants are both operated by a restaurant group that operates restaurants in Savannah, Georgia, Columbia, South Carolina, and Charleston, South Carolina, known as the Dining Group South.

15. In addition to Defendants, Dining Group South also operates: Garibaldi Café in Columbia, South Carolina; Cola's Restaurant in Columbia, South Carolina; and Anson Restaurant in Charleston, South Carolina.  This collective action is intended to include tipped servers at Defendants' sister restaurants as well.

## COVERAGE

16. At all times material hereto, Plaintiff was Defendants' "employee" within the meaning of the FLSA.

17. At all times material hereto, Defendants were Plaintiff's "employer" within the

meaning of FLSA.

18. Defendants were, and continue to be, an "employer" within the meaning of FLSA.

19. At all times material hereto, Defendants were, and continue to be, a "joint enterprise engaged in commerce" within the meaning of FLSA.

20. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

21. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Garibaldi's was in excess of $500,000.00 per annum during the relevant time periods.

23. Based upon information and belief, the annual gross revenue of TOPH was in excess of $500,000.00 per annum during the relevant time periods.

24. Based upon information and belief, the annual combined gross revenues of Defendants were in excess of $500,000.00 per annum during the relevant time periods.

25. At all times material hereto, Defendants each had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including but not limited to: point of sale systems, menus, furniture and food products and beverages served in Defendants' restaurants.

26. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of his regular and recurrent processing of credit card transactions with out-of-state banks, vendors and credit card companies, as part of their regular duties for Defendants.

27. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

28. At all times material hereto Garibaldi's owned and/or operated "Garibaldi Café" in Savannah, Georgia.

29. At all times material hereto TOPH owned and/or operated "The Olde Pink House" in Savannah, Georgia.

30. In order to serve the customers of their restaurants, Defendants employ over one hundred (100) employees, including servers, at any given time.

31. Plaintiff, and those similarly situated (collectively "Plaintiffs"), were employed by Defendants as "Servers."

32. Throughout their employment with Defendants, Plaintiffs were tipped employees.

33. Plaintiff worked in this capacity from approximately August 2012 through April 2013.

34. Plaintiffs were paid on an hourly basis each week in exchange for work performed.

35. Defendants purported take the "tip credit" and paid Plaintiffs the tipped minimum wage, rather than the regular minimum wage for all hours Plaintiff worked.

36. In addition, Plaintiffs earned tips that were paid to them by Defendants' customers.

37. However, Defendants did not permit Plaintiffs to retain all of their tips. Instead, Defendants required Plaintiffs to contribute tips in an amount equal to two (2%) percent of their gross sales to a "tip share" or "tip pool."

38. Defendants failed to pay such retained tips to employees eligible to receive such tips.

39. Rather, to the extent such tips were redistributed to other employees, they were distributed to non-tipped employees, including Managers on Duty ("MOD") who were ineligible to receive same.

40. By virtue of Defendants' retention of a portion of its Server employees' tips, Defendants were not entitled to take a tip credit. Rather, Defendants were/are required to pay Plaintiffs the full, regular minimum wage.

41. Despite their improper retention/distribution of their Servers' tips, Defendants failed to pay Plaintiffs at least regular minimum wage, as required by the FLSA.

42. Defendants failed to proper comply with the notice provisions of 29 U.S.C. § 203(m), because they failed to give adequate notice of the true nature of their tip pool/tip share.

43. Instead, Defendant purported to pay Plaintiffs the tipped minimum wage, despite the fact that Defendants were not entitled to do so.

44. At any given time, Defendants have each employed and/or continue to employ approximately fifty (50) other individuals as tipped employees, who performed and continue to perform the same or similar job duties on behalf of Defendants under the same pay provisions as Plaintiff and Plaintiffs.

45. Defendants have violated Title 29 U.S.C. §§206-207 from at least January 2011 and continuing to date, in that:

   a. Defendants have failed and continue to fail to pay Plaintiffs at least the regular minimum wage as required by the FLSA;

   b. Defendants have failed and continue to fail to maintain proper time records for Plaintiffs as mandated by the FLSA.

46. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent

Plaintiff in the litigation, and has agreed to pay the firm and undersigned local counsel a reasonable fee for their services.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiffs were and are all tipped employees and performed the same or similar job duties as one another in that they performed server/waitstaff duties for Defendants, and thus are similarly situated for purposes of the FLSA.

48.     Plaintiffs were and are subjected to the same pay provisions in that they were paid sub-minimum hourly wages.  Thus, Plaintiffs are similarly situated and are owed regular minimum wages for the same reasons.

49.     Defendants' failure to compensate Plaintiffs at a rate equal to or greater than the regular minimum wage as required by the FLSA results from a policy or practice whereby their tipped employees are/were impermissibly required to contribute two (2%) percent of their gross sales to employees not entitled to share in same.

50.     Defendants failed to put Plaintiffs on proper notice, pursuant to Section 203(m) of the FLSA, of their intention to take the tip credit and pay Plaintiffs less than the regular minimum wage.

51.     The above policy or practice was and is applicable to Plaintiffs.  Application of this policy or practice does/did not depend on the personal circumstances of individual Plaintiffs joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applies to all Plaintiffs.  Accordingly, the class of similarly situated employees who may join this lawsuit is properly defined as:

> **All tipped server employees who worked for Defendants within the last three years who were required to pay a portion of their tips into Defendants' so-called "tip pool" or "tip share."**

52. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage compensation with respect to Plaintiffs.

53. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

54. Defendants acted willfully in failing to pay Plaintiffs in accordance with the law.

55. Defendants have failed to maintain accurate records of Plaintiffs' work hours, tips contributed to the so-called "tip share" or "tip pool," and other wages earned by Plaintiffs in accordance with the law.

## COUNT I
## MINIMUM WAGE VIOLATION UNDER FLSA

56. Plaintiff reincorporates and readopt all allegations contained within Paragraphs 1-55 above.

57. Plaintiffs were entitled to be paid minimum wage for all weeks/hours they worked during his employment with Defendants.

58. Defendants failed to pay Plaintiffs minimum wage for each week they worked for Defendants.

59. Plaintiffs have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for same.

60. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wage during one or more weeks of employment with Defendants.

61. Defendants had specific knowledge that they were paying sub-minimum wages

to Plaintiffs, but still failed to pay Plaintiffs at least minimum wages.

62. Defendants willfully failed to pay Plaintiffs the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

63. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated employees of Defendants, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of all similarly situated server/waitstaff employees of Defendants and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all such persons as potential members of an FLSA opt-in class (the "Opt-In Class"), appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent Opt-In Class members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages and improperly retained tips, due under the FLSA;

e. An award of liquidated damages as a result of the Defendants' willful failure to pay

       minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

f.      An award of prejudgment and/or post judgment interest;

g.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: January 10, 2014

                                  RESPECTFULLY SUBMITTED:

                                  Andrew R. Frisch, Esq.
                                  (*Pro Hac Vice application pending*)
                                  MORGAN & MORGAN
                                  600 North Pine Island Road, Suite 400
                                  Plantation, Florida 33324
                                  Tel: 954-318-0268
                                  Fax: 954-333-3515
                                  Email: **afrisch@forthepeople.com**

                                  ***Jay D. Brownstein***
                                    (*electronically signed as Counsel of Record*)
                                  Jay D. Brownstein
                                  BROWNSTEIN & NGUYEN, LLC
                                  2010 Montreal Road
                                  Tucker, Georgia 30084
                                  Tel: (678) 921-0143
                                  Fax: (770) 458-9060
                                  Email: **jdb@bnlawga.com**

                                  *Counsel for Plaintiff*