FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 MAR 30 AM 11:59
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JASON MILLER, on his own )
behalf and all similarly )
situated individuals, )
)
Plaintiff, )
)
v. ) CASE NO. CV414-007
)
GARIBALDI'S INC., a Georgia )
for-profit corporation; and )
THE OLDE PINK HOUSE, INC., a )
Georgia for-profit )
corporation; )
)
Defendants. )

## O R D E R

Before the Court is Plaintiff's Motion to Equitably Toll Statute of Limitations. (Doc. 38.) In the motion, Plaintiff requests that the Court "toll the statute of limitations as of April 24, 2014, the date on which Plaintiff initially sought the Court's permission to send notice of the pending claims to putative class members." (Id. at 3.) Plaintiff reasons the fifteen months that elapsed between his filing a motion seeking class certification (Doc. 29) and the Court's final approval of his proposed notice to potential class members (Doc. 39) is an extraordinary circumstance that warrants tolling. (Doc. 38 at 7-11.) Defendants oppose Plaintiff's request,

contending that Plaintiff is not entitled to equitable tolling because the fifteen-month delay is insufficiently extraordinary. (Doc. 40 at 5-11.)

Equitable tolling permits a party to extend the statutory time for filing suit where that party has been prevented from filing by some inequitable circumstances. Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). It is an extraordinary remedy to be used sparingly. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The party requesting equitable tolling must establish both that it has been diligent in the pursuit of its rights, and that some extraordinary circumstance stood in in the way of that pursuit. Downs v. McNeil, 520 F.3d 1311, 1324 (11th Cir. 2008).

In this case, Plaintiff's request fails to meet the requirements necessary for equitable tolling. First, this Court concludes that the fifteen months needed for the parties and this Court to arrive at an agreed upon notice to potential class members does not represent an extraordinary circumstance. The parties vigorously litigated the issue of class certification, ultimately filing a motion (Doc. 29), response (Doc. 31), reply (Doc. 33), sur-reply (Doc. 35), and supplemental authority (Doc. 34). After this Court granted conditional certification, it

2

provided the parties with an opportunity to confer on the appropriate notice to potential class members. (Doc. 36.) The Court acknowledges that it takes time to shepherd these types of cases through the legal process. However, there is nothing about this process taking fifteen months that renders that length of delay extraordinary.

Second, the fifteen month delay did not operate to preclude potential class members from pursuing their rights. Potential class members had two options for filing a timely claim: (1) opt in to this collective action; or (2) file their own individual action. Moreover, neither this Court nor any party acted to induce potential class members from diligently pursuing their rights. Because Plaintiff has not established an entitlement to equitable tolling, his motion (Doc. 38) is **DENIED**.

SO ORDERED this 30th day of March 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA