IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JASON MILLER, on his own )
behalf and all similarly )
situated individuals, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV414-097
 )
GARIBALDI'S INC., a Georgia )
for-profit corporation; and )
THE OLDE PINK HOUSE, INC., a )
Georgia for-profit )
corporation; )
 )
    Defendants. )
 )

## O R D E R

Before the Court are Plaintiffs' Motion for Summary Judgment (Doc. 80) and Motion to Strike Affidavit of Della Mellis (Doc. 86), and Defendant Garibaldi's Inc.'s Motion for Summary Judgment (Doc. 79). For the following reasons, Plaintiffs' motions are **DENIED** and Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. This case will proceed to trial on the issue of whether unauthorized individuals improperly shared in the tip-pool. In addition, Plaintiffs may recover only the $5.12 per hour claimed as the tip credit, not the value of any tips alleged to be improperly placed in the tip-pool.

## BACKGROUND

This case concerns the alleged failure to pay employees the proper minimum wage. Plaintiffs are former servers at Defendant's restaurant and bring claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, for unpaid minimum wages. (Doc. 80 at 2.) It is undisputed that Defendant paid Plaintiffs the tipped minimum wage of $2.13 per hour. (Doc. 93 at 2.) Defendant attempted to comply with the $7.25 per hour federal minimum wage requirement by taking the $5.12 per hour tip credit for these tipped employees. (Id.) However, Defendant did not permit Plaintiffs to retain the entirety of their tips, but instead required them to contribute an amount equal to 3.2% of their gross sales to a tip-pool. (Id.) The monies collected in the tip-pool were then distributed to other employees, including Managers on Duty ("MODs"). (Id.)

The dispute in this case centers on whether the MODs were employees eligible to participate in the tip-pool. If eligible and Defendant provided proper notice, then Defendant was entitled to receive the tip credit and properly paid Plaintiffs the tipped minimum wage. If ineligible, then Defendant was not permitted to claim the tip credit and improperly paid Plaintiffs a below minimum wage.

2

According to Plaintiffs, the MODs were not qualified to receive a share of the tip-pool because they "hired and fired employees on behalf of Defendant, disciplined Defendant employees, scheduled Defendant employees and assisted in administering Defendant's payroll." (Id.) In addition, Plaintiffs claim that Defendant failed to provide proper notice that it was taking the tip credit. (Id. at 8-12.) Based on these failures, Plaintiffs conclude that Defendant was ineligible to use the tip credit and paid Plaintiffs a below minimum wage. (Id. at 2-4.)

In its Motion for Summary Judgment, Defendant argues that it was entitled to claim the tip credit because the MODs are permitted to share in the tip-pool. (Doc. 79, Attach. 1 at 14-31.) Also, Defendant contends that it provided proper notice that it was claiming the tip credit by posting the public information generated by the Department of Labor's Wage & Hour Division. (Id. at 32-36.) With respect to damages, Defendant maintains that Plaintiffs may only recover the amount of the tip credit—$5.12 per hour—not the amount Plaintiffs were required to pay into the tip-pool. (Id. at 37-44.) Finally, Defendant argues that Plaintiffs' claims are subject to a two-year statute of limitations (id. at 45-52), and that an award of liquidated damages would be inappropriate (id. at 53-56.)

In their Motion for Summary Judgment, Plaintiffs contend that Defendant was ineligible for the tip credit because the MODs possessed sufficient managerial authority that prohibited their inclusion in the tip-pool. (Doc. 80 at 9-12.) In addition, Plaintiffs claim that Defendant failed to provide Plaintiffs with proper notice that it intended to take the tip credit. (Id. at 7-9.) With respect to damages, Plaintiffs maintain that they can recover both the tip credit of $5.12 per hour and the value of any tips improperly pooled. (Id. at 16.) Finally, Plaintiffs argue that their claims are subject to a three-year statute of limitations and they are entitled to liquidated damages because Defendant's actions were willful and not in good faith.[1] (Id. at 16-19.)

---

[1] In their motion, Plaintiffs allege for the first time that Defendant was not entitled to the tip credit because Plaintiffs spent more than 20% of their time on non-tipped duties, and that Defendant failed to pay the minimum wage because the amount of tips plus the $2.13 per hour wage did not average at least $7.25 per hour. (Doc. 80 at 12-15.) Because Plaintiffs did not allege these theories of relief in their complaint, the Court will not consider them at this time. See Cooley v. Great S. Wood Preserving, 138 F. App'x 149, 153 (11th Cir. 2005) (noting that Rule 8's liberal pleading standard does not permit plaintiffs to raise new claims at summary judgment stage); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

**ANALYSIS**

I.  **PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs have filed a Motion to Strike Affidavit of Della Mellis.[2] (Doc. 86.) In their motion, Plaintiffs argue that it is a sham affidavit because it contradicts "virtually all of her prior deposition testimony." (Id. at 10.) In addition, Plaintiffs claim that the affidavit is inadmissible hearsay (id. at 10-12) and not based on Ms. Mellis's personal knowledge (id. at 13-14). Finally, Plaintiffs contend Defendant is estopped from relying on testimony regarding practices at other restaurants based on Defendant's prior stipulation that such activities are irrelevant to this case. (Id. at 14-16.)

The Eleventh Circuit Court of Appeals has recognized that district courts can disregard an affidavit as a mere sham if it contradicts earlier deposition testimony in a manner that defies explanation. Van T. Junkins & Assoc. v. U.S. Indus., 736 F.2d 656, 657 (11th Cir. 1984). However, courts should ignore affidavits as shams in only very limited circumstances. Tippens v. Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986). Therefore, the party seeking to

---

[2] Ms. Mellis was designated by Defendant as a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) and offered testimony concerning Defendant's employment practices.

5

exclude the affidavit bears a heavy burden of establishing it as a sham. See In re Stand 'N Seal, 636 F. Supp. 2d 1333, 1335 (N.D. Ga. 2009).

After reviewing Ms. Mellis's affidavit and Plaintiffs' motion, the Court can find no reason to strike the affidavit. As an initial matter, Plaintiffs offer little specific argument concerning how the affidavit flatly contradicts Ms. Mellis's earlier testimony, other than a general statement that she claimed at her deposition to have lacked personal knowledge of the information now contained in her affidavit. In this Court's opinion, however, Ms. Mellis's affidavit does not completely contradict testimony she provided during her deposition such that it should be considered a sham.

Moreover, the affidavit is based on Ms. Mellis's personal knowledge. In the affidavit, Ms. Mellis relates how Defendant arrived at the conclusion that MODs were eligible to share in the tip-pool. In addition, Ms. Mellis states how this information was disseminated to Defendant and its sister restaurants. Finally, the Court can find no reason to estop Defendant from introducing Ms. Mellis's affidavit. For the reasons stated above, Plaintiffs' Motion to Strike is denied.

II. MOTIONS FOR SUMMARY JUDGMENT

   A.   Standard of Review

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

B. <u>Managers on Duty Participating in the Tip-Pool</u>

As noted above, the crux of this case really centers on whether the MODs are eligible to participate in the tip-pool. The FLSA requires employers to provide a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a). However, tipped employees may receive a below minimum wage, as long as the difference is made up by the employee receiving tips. 29 U.S.C. § 203(m). This difference is commonly referred to as the tip credit.

An employer seeking to claim the tip credit must establish (1) that the particular employee is a tipped employee; (2) that it provided the employee with notice of its intention to claim the tip credit; and (3) that the employee retains all tips he received, except where the employer requires the employee to participate in a tip-pool that redistributes a portion of those tips with other employees who customarily and regularly receive tips. <u>Cumbie v. Woody Woo, Inc.</u>, 596 F.3d 577, 580 (9th Cir. 2010). An employer loses the tip credit if it distributes pooled tips among non-tipped employees. <u>See</u> <u>Palacios v.</u>

Hartman & Tyner, Inc., No. 13-CIV-61541, 2014 WL 7152745, at *3 (S.D. Fla. Dec. 15, 2014).

"The practice of forced sharing of tips with management is an illegal practice, regardless of whether the members of management are also engaged in services that could be the subject of tipping." Wajcman v. Inv. Corp. of Palm Beach, No. 07-80912-CIV, 2008 WL 783741, *3 n.1 (S.D. Fla. Mar. 20, 2008). Therefore, "the sharing of tips with managers invalidates the tip credit and requires the employer to pay the full minimum wage." Beaudry v. Emperor's Gentleman's Club, Inc., No. 8:14-CV-02653, 2015 WL 10844157, at *1 (M.D. Fla. Apr. 6, 2015). In this respect, the FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," which may include managers. 29 U.S.C. § 203(d). When assessing this standard, district courts generally look to the manager's control over the terms and conditions of employees' work, Falk v. Brennan, 414 U.S. 190, 195 (1973), as well as the manager's authority to hire and fire employees, Ellington v. City of E. Cleveland, 689 F.3d 549, 555 (6th Cir. 2012).

In this case, issues of material fact remain regarding the amount of control MODs possessed over Defendant's employees. For its part, Defendant claims that MODs really operated as maître ds, exercised no control over the terms of employment or the operation of the tip-pool, and had no power to hire or fire employees. (Doc. 79, Attach. 1 at 22.) However, Plaintiffs have presented the deposition testimony of former servers stating that MODs often interviewed, hired, and terminated employees. (Doc. 80, Attach. 1 ¶¶ 17-24.) At this stage, the Court is unable to resolve this factual dispute. As a result, neither party is entitled to summary judgment with respect to this claim.

C. Notice

To be entitled to the tip credit, an employer must inform its tipped employees that it intends to use their tips in satisfaction of part of its minimum wage obligation. Pellon v. Bus. Representation Int'l, Inc., 528 F. Supp. 2d 1306, 1310 (S.D. Fla. 2007), aff'd, 291 F. App'x 310 (11th Cir. 2008) (citing Kilgore v. Outback Steakhouse of Fla., Inc., 160 F.3d 294, 298 (6th Cir. 1998)). An employer need not explain the tip credit, only

inform employees of it. Id. (citing Chan v. Triple 8 Palace, Inc., No. 03 Civ. 6048, 2006 WL 851749, at *19 (S.D.N.Y. Mar. 30, 2006)). A majority of district courts in this Circuit have concluded the prominent display of a poster that includes Department of Labor approved language satisfies the notice requirement. E.g., Ide v. Neighborhood Rest. Partners, LLC, 32 F. Supp. 3d 1285, 1293 (N.D. Ga. 2014), aff'd, 667 F. App'x 746 (11th Cir. 2016); Garcia v. Koning Rest. Int'l, L.C., No. 12-CV-23629, 2013 WL 8150984, at *4 (S.D. Fla. May 10, 2013); Pellon, 528 F. Supp. 2d at 1310.

In this case, it is undisputed that Defendant informed employees of the tip credit by prominently displaying the information on a poster that included language generated by the Department of Labor's Wage & Hour Division. Moreover, Defendant has identified evidence in the record establishing that servers were notified of the tip credit when they were hired. Accordingly, the Court concludes that there is no genuine issue of material fact concerning Defendant providing Plaintiffs with proper notification of

the tip credit. Therefore, Defendant is entitled to summary judgment with respect to this claim.

D. <u>Plaintiffs' Recovery</u>

Defendant argues that Plaintiffs are limited in their recovery of actual damages to the amount of the tip credit—$5.12 per hour. (Doc. 79, Attach. 1 at 37-44.) Plaintiffs seek to recover both the value of the tip credit and the amount of tips they paid into the tip-pool. (Doc. 80 at 15-16.) While the Eleventh Circuit Court of Appeals has not addressed the issue, the vast weight of persuasive authority concludes that a plaintiff's recovery for tip-pool violations is limited to the amount of the tip credit. See, e.g., <u>Holloway v. Rocchio Tunnel Marketplace Enters., LLC</u>, No. 15-61586-CIV, 2016 WL 4411346, at *3 (S.D. Fla. Feb. 29, 2016); <u>Mould v. JJG Food Serv., Inc.</u>, No. JKB-13-1305, 2014 WL 2768635, at *4-6 (D. Md. June 17, 2014) (holding that plaintiff only entitled to "difference between the wages paid and the applicable minimum wage," and "is not entitled to recover his tips in damages"); <u>Garcia v. La Revise Assocs. LLC</u>, No. 08 Civ. 9356, 2011 WL 135009, at *5 (S.D.N.Y. Jan. 13, 2011) (finding "plaintiffs

13

entitled to damages equal to the full minimum wage rate for every hour that they worked"); Wajcman, 620 F. Supp. 2d at 1355 n.2 (approving tip credit as stipulated method of calculating damages where tip-pool rendered invalid by participation of supervisors); Ayres v. 127 Rest. Corp., 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (holding that "defendant must disgorge the amount of tip credit deducted from each plaintiff's wages during the period that the tip pool violated [the FLSA]"); Bonham v. Copper Cellar Corp., 476 F. Supp. 98, 102 (E.D. Tenn. 1979) (holding plaintiffs' compensatory damages equaled tip credit retained by employer for each hour worked where kitchen staff improperly participated in tip-pool); see also Myers v. Copper Cellar Corp., 192 F.3d 546, 550-51 (6th Cir. 1999) (holding each employee compelled to contribute to tip-pool "statutorily entitled" to payment of full minimum wage for all time logged during shifts where salad makers improperly participated in pool). In light of this persuasive authority, the Court concludes that Plaintiffs may only recover as actual damages the amount of the tip credit for

each hour they worked. Accordingly, Defendant is entitled to summary judgment with respect to this issue.

E. <u>Statute of Limitations</u>

Generally, the FLSA has a two-year statute of limitations for claims seeking unpaid minimum wages. 29 U.S.C. § 255(a). However, the statute of limitations is extended to three years for willful violations. <u>Id.</u> To establish a willful violation, the employee bears the burden of proving by a preponderance of the evidence that his employer either actually knew its conduct violated the FLSA or showed reckless disregard for the FLSA. <u>Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.</u>, 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citing <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133 (1988)). However, an employer's unreasonable or even negligent determination of its obligations under the FLSA falls short of willful and triggers the two-year statute of limitations. <u>Allen v. Bd. of Pub. Educ. for Bibb Cty.</u>, 495 F.3d 1306, 1324 (11th Cir. 2007) (citing <u>Lockaby v. Top Source Oil Analysis, Inc.</u>, 998 F. Supp. 1469, 1471 (N.D. Ga. 1998)). "The determination of willfulness is 'a mixed question of law and fact.'" <u>Id.</u>

(quoting Alvarez v. IBP, Inc., 339 F.3d 894, 908 (9th Cir. 2003)).

The Court concludes that a reasonable jury could determine that Defendant's violation was willful. There is little evidence in the record to suggest that Defendant reviewed its tip-pooling practices at any point since a 1998 Department of Labor audit at one of Defendant's sister restaurants. (Doc. 79, Attach. 1 at 48.) While this may be sufficient to avoid a finding of willfulness, a jury could rely on this adherence to an aged status quo as evidence of reckless disregard. Moreover, this Court is unable to make a determination with respect to willfulness until a jury resolves the question of Defendant's underlying liability. See Allen, 495 F.3d at 1324 ("[A] determination of which statute of limitations to apply must be reserved until it is determined whether a violation of the FLSA occurred."). Accordingly, neither party is entitled to summary judgment with respect to this issue.

F. Liquidated Damages

The FLSA provides for liquidated damages for an employer's violation of minimum wage laws. 29 U.S.C.

§ 216(b). The award of liquidated damages is equal to the amount of compensatory damages awarded by the jury. Id. District courts can reduce or deny liquidated damages where the "employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. An award of liquidated damages is mandatory if the employer fails to establish that it acted in both subjective and objective good faith. Davila v. Menendez, 717 F.3d 1179, 1186 (11th Cir. 2013) (citing Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)).

A determination as to an employer's good faith is premature when there is a factual dispute concerning whether the FLSA violation was willful. Id. Because willfulness and good faith are mutually exclusive, a jury finding that Defendant acted willfully would necessarily preclude a finding of good faith. Id. Accordingly, the Court is unable to determine the applicability of Defendant's purported good faith defense at this time.

17

Accordingly, neither party is entitled to summary judgment with respect to this issue.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Doc. 80) and Motion to Strike Affidavit of Della Mellis (Doc. 86) are **DENIED**, and Defendant Garibaldi's Inc.'s Motion for Summary Judgment (Doc. 79) is **GRANTED IN PART** and **DENIED IN PART**. This case will proceed to trial on the issue of whether unauthorized individuals improperly shared in the tip-pool. In addition, Plaintiffs may recover only the $5.12 per hour claimed as the tip credit, not the value of any tips alleged to be improperly placed in the tip-pool.

SO ORDERED this 30th day of March 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA