# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JASON MILLER, on his own behalf and all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>GARIBALDI'S, INC., a Georgia for-profit Corporation, and THE OLDE PINK HOUSE, INC, a INC., a Georgia for-profit Corporation,<br><br>Defendants. | Civil Action No. 4:14-cv-00007-WTM-GRS |

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of FLSA Claims is made and entered into by and between all of the Parties in this action, specifically named Plaintiff Jason Miller ("Miller"), on behalf of himself and those similarly situated, participating members of the putative class ("Opt-In Class Members"): D. Jordan Tejeda, Richard Nagro-Crowley, Nathan Ilinitch, Rory Carmody, Terrence Major, Daniel Hernandez, Shaunny Ybarra, Carson Branan, Chris Graham, Laura Devlin, Blair Ritzert, Mary Shuman, Bethany Hattaway, and Jayme Collins (collectively "Plaintiffs"), and Defendants Garibaldi's, Inc. and The Olde Pink House on this 17th day of September, 2018.

WHEREAS, Miller has filed the above-captioned lawsuit and the Opt-In Class Members have joined as putative plaintiffs upon the Court's conditional certification of the class;

WHEREAS, each Plaintiff named above who has joined in this matter has specifically authorized Plaintiff Miller to prosecute this action in his/her name and on his/her behalf,

including the negotiation of a final resolution of his/her claims;

WHEREAS, Defendants deny all allegations of wrongdoing contained in the Plaintiff's Complaint;

WHEREAS, the Parties desire to enter into a full settlement of this matter and a release of all claims of all Plaintiffs under the Fair Labor Standards Act (FLSA);

THEREFORE, subject to the approval of the Court, Plaintiffs and Defendants enter into this Settlement Agreement and Release of FLSA Claims pertaining to and in full resolution of the above-captioned matter on the following terms:

1. **Settlement Sums.** As consideration for signing this Agreement, the release of all FLSA claims, the dismissal of this action with prejudice and in compliance with the promises made herein, Defendant Garibaldi's agrees to pay the Plaintiffs a total of EIGHTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($87,500.00) as wage-based damages, from which lawfully required deductions will be made, and as liquidated damages, from which no deductions shall be made. The total sum shall be allocated as follows:

| Name | Wages | Liquidated Damages | Service Award |
| --- | --- | --- | --- |
| Jason Miller | $1,912.29 | $1,912.30 | $2,500.00 |
| Carson Branan | $2,472.91 | $2,472.90 | |
| Rory Carmody | $2,884.57 | $2,884.57 | |
| Jayme Collins | $4,675.58 | $4,675.57 | |
| Laura Devlin | $399.53 | $399.53 | |
| Christopher Graham | $5,421.64 | $5,421.64 | |
| Bethany Hattaway | $2,158.02 | $2,158.02 | |
| Daniel Hernandez | $3,118.86 | $3,118.86 | |
| Nathan Ilinitch | $3,464.91 | $3,464.92 | |

| Terrence Major | $4,696.26 | $4,696.26 | |
| Richard Nagro | $2,832.59 | $2,832.60 | |
| Blair Ritzert | $3,328.98 | $3,328.98 | |
| Mary Shuman | $535.37 | $535.38 | |
| David Tajeda | $1,047.91 | $1,047.90 | |
| Shaunny Ybarra | $3,550.58 | $3,550.57 | |

In addition to the above payments to the Plaintiffs, Defendant Garibaldi's agrees to pay the total sum of TWO HUNDRED TWENTY THOUSAND DOLLARS ($220,000.00) as payment in full of Plaintiffs' claims for attorneys' fees and cost in this matter. Said sum will be paid by check made payable to the law firm of Morgan and Morgan, counsel for Plaintiffs.

The above payments shall be made to counsel for Plaintiffs no later than thirty business days after the date of the entry of the Court's order approving the settlement of this case, so long as all parties have executed this Agreement and the Court has approved this settlement, including the express terms of this Agreement without any material alteration. Plaintiffs acknowledge and agree that the Defendant Garibaldi's has made no representations to them regarding the tax consequences of any amounts received by them pursuant to this Agreement and that the settlement amounts are subject to disclosure to the appropriate taxing authorities.

2. **Release of all FLSA Claims.** In exchange for, and in consideration of, the payments, benefits and other commitments recited above, Plaintiffs, for themselves and their heirs, executors, administrators and assigns, hereby irrevocably and unconditionally forever release and discharge the Defendants Garibaldi's, Inc. and The Olde Pink House and their predecessors, successors, affiliates, parents, subsidiaries, benefits plans, insurers and assigns, and their respective directors, officers, shareholders, trustees, administrators, employees, members, representatives and agents, from any and all claims, demands, actions, damages, lawsuits,

appeals, causes of action of any kind or nature, that they may have arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, solely arising out of their work for Defendant Garibaldi's, Inc., as of the date of this Agreement.

3. **Joint Motion for Approval of Settlement.** The Parties agree that they shall jointly apply to the Court for an order approving the settlement of the Plaintiffs' claims under the Fair Labor Standards Act.

4. **No Admission of Liability.** Plaintiffs acknowledge and agree that this Agreement represents a settlement and compromise reached by the Parties. The execution of this Agreement shall not be deemed, construed or interpreted, in any way, to be an admission by the Defendants regarding liability, damages or the validity of any claim that the Plaintiffs have asserted, could have asserted or may assert. This Agreement may not be introduced into evidence or relied upon by any Party in subsequent legal proceedings, except proceedings alleging, arising out of, or seeking redress for breach of the terms of this Agreement.

5 **Enforcement of Agreement.** Either Party shall have the right specifically to enforce this Agreement and Release, except for provisions which subsequently may be held invalid or unenforceable. In the event that it shall be necessary for any Party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the Party who prevails in any such action to enforce this Agreement shall be entitled to costs and reasonable attorney's fees against the Party in breach of the Agreement.

6. **Entire Agreement.** This Agreement contains the entire agreement between the Parties and may be modified only in a writing executed in the same manner as this Agreement. No agreements, representations, or statements of any Party not contained herein shall be binding on such Party.

7. **Controlling Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, as they are applied to contracts made and to be wholly performed in this state, regardless of choice of law principles to the contrary.

8. **No Assignment.** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

9. **Binding Nature of Agreement.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

10. **Severability.** If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is legally determined to be unenforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of this Agreement.

11. **Interpretation.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of this Agreement. This Agreement sets forth the entire Agreement between the parties hereto, and fully supersedes any prior obligation of Defendants to Plaintiffs. Plaintiffs acknowledge that they have not relied on any representations, promises, or

agreements of any kind made to them in connection with their decision to accept this Agreement, except those set forth in this Agreement.

12. **Acknowledgements.** Plaintiffs represent that they have carefully read and fully understand all the provisions of this Agreement and Release, that they have been advised by their attorney regarding its terms and effects and are entering into this Agreement and Release voluntarily.

13. **Counter-Parts as Originals.** The Parties agree that this Agreement may be executed in counter-parts, and authentic, facsimile or PDF signatures shall be deemed to be original signatures for all purposes.

ON BEHALF OF EACH AND EVERY PLAINTIFF JOINED AS A PLAINTIFFF IN THIS MATTER:

_____     9/17/18
Jason Miller                         Date

DEFENDANTS GARIBALDI'S, INC AND THE OLDE PINK HOUSE, INC.

By: _____     9/17/18
Their: Attorney                          Date

6